STATE OF CONNECTICUT *v.* PAUL O'BRIGHT
(5405)

SPALLONE, BIELUCH and NORCOTT, Js.

Argued January 21—decision released March 29, 1988

*Mitchell Brody,* deputy assistant state's attorney, with whom was, *James G. Clark,* assistant state's attorney, and, on the brief, *John M. Massameno,* assistant state's attorney, for the appellant (state).

*Hubert J. Santos,* for the appellee (defendant).

NORCOTT, J. The state appeals from the trial court's order granting the defendant's motion to dismiss. The sole issue on appeal is whether a trial court order purporting to dismiss an information and discharge the defendant was a dismissal with prejudice that would preclude reprosecution of the defendant for the same offense. We find that it does not and, therefore, we find error.

The relevant facts in this appeal are not in dispute. The defendant was charged by information with promoting prostitution in the second degree in violation of General Statutes § 53a-87 (a) (1). On October 4, 1985, the trial court, *Susco, J.,* granted the defendant's

motion to dismiss on the basis that the affidavit in support of the arrest warrant failed to establish probable cause. The trial court stated, "I've reviewed your motion to dismiss, as well as the affidavit which accompanied the warrant, and I will grant your motion. The charges are dismissed, and the defendant is discharged." The court did not state whether the dismissal was with or without prejudice as was required by Practice Book § 819, which has since been repealed.[1] Neither the state nor the defendant asked for articulation of this order, and the state did not object to the granting of the motion.

Thereafter, the state obtained a second arrest warrant and recharged the defendant with the same offense. The trial court judge who had granted the original motion to dismiss signed the second warrant. On July 31, 1986, the second trial court, *Brennan, J.,* granted the defendant's motion to dismiss the new information with prejudice construing the first trial court's dismissal to have been "with prejudice." The court also concluded that the state had waived its right to appeal the first dismissal.

We first note that the state requests that we hear this appeal under the plain error doctrine. We find it unnecessary to resort to plain error review, however, because we find that the matter was fully adjudicated in the trial court.[2] The defendant raised the issue of

---

[1] Prior to its repeal in 1987, Practice Book § 819 provided: "If the judicial authority grants a motion to dismiss, he shall specify whether the dismissal is with or without prejudice. If the dismissal is with prejudice, the defendant shall be released, and the prosecuting authority may, where he is entitled by law, appeal the dismissal in the same manner and to the same effect as appeals from final judgments in criminal prosecutions. If the dismissal is without prejudice, the defendant shall be released, but the dismissal shall not be a bar to further prosecution for the same offense or offenses."

[2] Even though we find the use of the plain error doctrine unnecessary for our consideration of the present appeal, we note that the appeal would qualify under the standards of that doctrine recently repeated in *State* v.

whether the first dismissal was a dismissal with prejudice, and the trial court dealt conclusively with that issue in its memorandum of decision. After the motion to dismiss was granted, the state acted properly in seeking permission to appeal the dismissal and then filing an appeal with this court. Practice Book § 819, since repealed. Accordingly, we find that the matter is properly before this court.

In *State* v. *Fleming,* 198 Conn. 255, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986), our Supreme Court held that "an illegal arrest imposes no jurisdictional barrier to a defendant's subsequent prosecution." In this case, the first trial court clearly found that the initial arrest was illegal in that it was not supported by probable cause. If the arrest itself could not bar a subsequent prosecution of the defendant, we fail to see how a dismissal premised on that arrest would impose a jurisdictional barrier to the filing of a second information against the defendant.

Furthermore, we find that even without the authority of *State* v. *Fleming,* supra, there exists no persuasive legal authority for the trial court's conclusion that a dismissal coupled with a "discharge" is the equivalent of a dismissal "with prejudice." A discharge is merely the act by which the defendant is set at liberty. Black's Law Dictionary (5th Ed. 1983). Setting the defendant at liberty following a dismissal of the charges against him does not bar reprosecution of that defendant. See, *Commonwealth* v. *Cartagena,* 482 Pa. 6, 14–15, 393 A.2d 350, 354 (1978).[3]

---

*Scott,* 10 Conn. App. 347, 353, 522 A.2d 1245, cert. denied, 204 Conn. 804–805, 528 A.2d 1152 (1987) and *State* v. *Harris,* 10 Conn. App. 217, 230, 522 A.2d 323 (1987).

[3] We also note that the first trial court clearly did not intend its dismissal to be "with prejudice." This is indicated by the fact that the same court signed the second arrest warrant for the defendant.

There is error. The order granting the defendant's motion to dismiss with prejudice is vacated and the case is remanded to the trial court with instructions to reinstate the information.

In this opinion the judges concurred.

STATE OF CONNECTICUT *v.* GARY LANCASTER
(5656)

BORDEN, BIELUCH and O'CONNELL, Js.

Argued November 13—decision released November 27, 1987

*Howard I. Gemeiner,* for the appellant (defendant).

*Carolyn K. Longstreth,* deputy assistant state's attorney, with whom were *Robert Devlin,* assistant state's attorney, and, on the brief, *Alice Osedach,* legal intern, for the appellee (state).

PER CURIAM. After a complete examination of the record, transcripts and briefs filed in this matter and after having afforded the defendant's sole claim of error the appropriate scope of review, we conclude that the defendant's claim is not reviewable because of the lack of an adequate record. This case is controlled by *State* v. *Vitale,* 190 Conn. 219, 226, 460 A.2d 961 (1983), and *State* v. *Mitchell,* 8 Conn. App. 598, 605, 513 A.2d 1268, cert. denied, 201 Conn. 810, 516 A.2d 887 (1986).

There is no error.

## LINDA LOU DuBois *v.* JAMES RENE DuBois
## (5584)

BORDEN, BIELUCH and O'CONNELL, Js.

Submitted on briefs November 13—decision released November 27, 1987

*Bruce A. Fontanella* filed a brief for the appellant (plaintiff).

*William J. Tracy, Jr.,* and *William J. Eddy* filed a brief for the appellee (defendant).

PER CURIAM. We have thoroughly reviewed the records and briefs filed in this matter and, having afforded the plaintiff's claims of error the appropriate scope of review, we conclude that there is no merit to those claims.

There is no error.

## EVA WILLIAMS *v.* JOSEPH WILLIAMS
## (5514)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 4—decision released December 7, 1987

*Daniel V. Presnick* filed a brief for the appellant (defendant).

*Michael J. McClary,* for the appellee (plaintiff).

PER CURIAM. There is no error.

ANN TREAT *v.* DOUGLAS ALLEN
(4880)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Submitted on briefs December 3—decision released December 13, 1987

*Edward N. Lerner* filed a brief for the appellant (plaintiff).

*Harold C. Donegan* filed a brief for the appellee (defendant).

PER CURIAM. A careful examination of the record and briefs filed in this appeal, coupled with our analysis of the claim of error raised by the plaintiff, leads to the conclusion that the plaintiff was not deprived of a fair trial.

There is no error.

STATE OF CONNECTICUT *v.* AUGUSTUS J. SIMMONS
(5578)

DALY, NORCOTT and FOTI, Js.

Argued December 8—decision released December 13, 1987

*Augustus J. Simmons,* pro se, the appellant (defendant).

*Geoffrey Marion,* deputy assistant state's attorney, with whom, on the brief, was *James G. Clark,* assistant state's attorney, for the appellee (state).

PER CURIAM. After a plenary examination of the record, transcripts and briefs filed in this matter, and after having afforded those claims of error, which are properly before this court, the appropriate scope of review, we conclude that there is no merit to the defendant's averments of error.

There is no error.

MATTHEWS AND CONNELL, P.C. *v.* TWIN
TOWERS ASSOCIATES ET AL.
(4707)

BORDEN, DALY and O'CONNELL, Js.

Argued October 6—decision released December 13, 1987

*Louis I. Parley,* with whom, on the brief, was *Robert G. Wetmore,* for the appellants (defendants).

*William J. Egan,* with whom, on the brief, was *Penny Q. Seaman,* for the appellee (plaintiff).

PER CURIAM. An arbitration proceeding was initiated by the defendant DeMatteo Construction Company, in the name of the defendant Twin Towers Associates, against the plaintiff Matthews and Connell, P.C., the architect for a construction project involving the parties. Thereafter, the plaintiff instituted the present action, seeking to enjoin that arbitration proceeding. The trial court permanently enjoined the arbitration. This appeal followed. We find no error.

In their several claims of error, the defendants raise what appear to be complex questions of law. Our thorough review of the record and the briefs of the parties, however, reveals that the defendants only seek to retry this case on appeal. This we will not do. *Griffiths* v. *Griffiths,* 12 Conn. App. 807, 531 A.2d 1203 (1987) (per curiam).

The findings and conclusions of the trial court must be affirmed as they are supported by the evidence. *Lawlor* v. *Searles,* 12 Conn. App. 511, 513, 531 A.2d 607 (1987) (per curiam).

There is no error.

WALTER DOLL, JR., ET AL. *v.* WARREN L.
PRELESNIK ET AL.
(5633)

SPALLONE, O'CONNELL and STOUGHTON, Js.

Argued December 17—decision released December 22, 1987

*David A. Golas,* for the appellant (defendant J. L.
Swensson, Jr.).

*Stephen C. Barron,* for the appellees (named defendant et al.).

PER CURIAM. There is no error.

ELIHU CLUB, INC. *v.* BOARD OF TAX REVIEW
OF THE CITY OF NEW HAVEN
(5534)

SPALLONE, BIELUCH and STOUGHTON, Js.

Argued December 16—decision released December 22, 1987

*Francis G. Pennarola,* for the appellant (plaintiff).

*Martin S. Echter,* deputy corporation counsel, for the appellee (defendant).

PER CURIAM. There is no error.

GARY KERPA *v.* A & A BROTHERS, INC., ET AL.
(5406)

SPALLONE, BIELUCH and STOUGHTON, Js.

Argued December 17—decision released December 22, 1987

*Gary Kerpa,* pro se, the appellant (plaintiff).

*Theodore R. Tyma,* with whom, on the brief, was *Paul V. McNamara,* for the appellee (named defendant).

PER CURIAM. The plaintiff's first, second and sixth claims of error were not raised in the trial court; consequently, we will not consider those claims. The plaintiff's third, fourth and fifth claims of error invoke the discretionary function of the court. Our review of the record, transcript and briefs fails to disclose any abuse of such discretion.

There is no error.

HOLYOKE MUTUAL INSURANCE COMPANY IN SALEM
*v.* KENNETH E. PAPA ET AL.
(5234)

DALY, NORCOTT and FOTI, Js.

Argued December 9—decision released December 22, 1987

*John W. Lemega,* with whom was *John B. Farley,*
for the appellant (plaintiff).

*Wesley W. Horton,* with whom were *Anthony Apicella,*
and, on the brief, *John W. Ranucci,* law student intern,
for the appellees (defendants).

PER CURIAM. On June 30, 1986, the plaintiff filed an
appeal from an order of the trial court granting the
defendants' motion for a protective order. On August
29, 1986, the plaintiff amended its appeal to include
a claim that the trial court erred in granting the defend-
ants' motion for judgment on August 25, 1986. Because
we find that the trial court's order granting the defend-
ants' motion for a protective order was not an appeal-
able final judgment we dismiss the case for lack of
jurisdiction. *State* v. *Curcio,* 191 Conn. 27, 31, 463
A.2d 566 (1983); *American Factors, Inc.* v. *Foreign
Intrigue, Inc.,* 6 Conn. App. 656, 658, 506 A.2d 1085,
cert. denied, 201 Conn. 802, 513 A.2d 696 (1986) (when

an appeal is jurisdictionally defective the defect cannot be cured by an amended appeal filed after judgment has entered).

The appeal is dismissed.

RALPH J. DALUSIO *v.* PATRICIA M. DALUSIO
(5564)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 5—decision released January 12, 1988

*Joseph Glass,* for the appellant (plaintiff).

*Carol A. Brown,* with whom, on the brief, was *William P. Tuccio,* for the appellee (defendant).

PER CURIAM. There is no error.

LEA LEFEBVRE *v.* ALBERT E. WEISS ET AL.
(5810)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued January 20—decision released January 26, 1988

*Albert E. Weiss,* pro se, the appellant (named defendant).

*Nicholas G. Sarantopoulos,* filed a brief for the appellee (plaintiff).

PER CURIAM. In this appeal, the named defendant is asking us to intervene into areas where the trial court properly exercised its lawful discretion and appropriately performed its factfinding function. This we will not do.

There is no error.

BOARD OF EDUCATION OF THE CITY OF NEW HAVEN *v.* BOARD OF MEDIATION AND ARBITRATION ET AL. (5371)

SPALLONE, DALY and NORCOTT, Js.

Argued January 21—decision released January 26, 1988

*Barbara J. Collins,* with whom, on the brief, were *J. William Gagne, Jr.,* and *Kevin A. Fusco,* for the appellant (defendant AFSCME, Council 4, Local 287).

*Lubbie Harper, Jr.,* for the appellee (plaintiff).

PER CURIAM. There is no error.

KALMAN I. NULMAN'S APPEAL FROM PROBATE

KALMAN I. NULMAN *v.* JOSEPH WEILL
(4893)
(4894)

SPALLONE, DALY and NORCOTT, Js.

Argued January 12—decision released January 26, 1988

*James F. Stapleton,* with whom was *Peter M. Nolin,* for the appellants (The Daphne Seybolt Culpeper Foundation, Inc., et al.).

*William A. Phillips,* for the appellant (plaintiff).

*Paul J. Pacifico,* for the appellees (Rodney S. Eielson et al., administrators c.t.a., d.b.n.).

*John R. Whelan,* assistant attorney general, with whom, on the brief, were *David E. Ormstedt* and *Linda Pearce Prestley,* assistant attorneys general, for the appellee (Joseph I. Lieberman, attorney general).

PER CURIAM. The appellants challenge a judgment rendered by the trial court removing the plaintiff as a coexecutor of the decedent's estate on the ground that the facts found by the trial court were erroneous.

An appellate court may not retry facts and its duty upon review of such a claim is limited to a determination of whether the trial court's judgment was clearly erroneous in this respect or otherwise contrary to law. Practice Book § 4061; *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Ram Roofing & Sheet Metal Co.* v. *A.B.C. Plumbing & Heating, Inc.,* 2 Conn. App. 54, 56, 475 A.2d 341 (1984). It is the province of the trial court to pass upon the credibility of witnesses and the weight to be accorded the evidence. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976); *Essex Savings Bank* v. *Leeker,* 2 Conn. App. 98, 102, 476 A.2d 1071 (1984). This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found and whether the trial court could thereby conclude as it did. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 280–81, 471 A.2d 651 (1984).

Our review of the record and briefs, with particular attention to the trial court's exhaustive and carefully drawn memorandum of decision, indicates that the factual findings of the court are fully supported by the evidence and its legal conclusions are legally and logically sound.

There is no error.

Boehringer Ingleheim Pharmaceuticals, Inc.
*v.* Morganti, Incorporated
(5615)

Spallone, Daly and Norcott, Js.
Argued January 12—decision released February 10, 1988

*William J. Egan,* with whom, on the brief, was *Penny Q. Seaman,* for the appellant (plaintiff).

*David E. Rosengren,* with whom, on the brief, was *Louis R. Pepe,* for the appellee (defendant).

Per Curiam. On August 29, 1986, the defendant moved to dismiss the plaintiff's action for injunctive relief. A hearing on the defendant's motion to dismiss was scheduled for September 15, 1986. On September 11, 1986, the plaintiff filed a motion for extension of time to file its memorandum of law in opposition to the motion to dismiss. No action was taken on that motion and the plaintiff filed its memorandum in opposition the following day. On September 15, 1986, the trial court addressed the merits of the motion to dismiss, and granted the motion. The plaintiff appeals from the granting of that motion.

We find this case to be controlled by our holdings in *Czaja* v. *Sallak,* 13 Conn. App. 411, 412, 536 A.2d 1001 (1988), and *Burton* v. *Redding Planning Commission,* 13 Conn. App. 400, 408–409, 536 A.2d 995 (1988). In those cases, we held that "the timely filing of a memorandum of law in opposition to a motion to dismiss, pur-

suant to Practice Book § 143,[1] is mandatory, and that noncompliance with the five-day time period mandated by § 143 required that the motion be granted without regard to its merits." *Czaja* v. *Sallak,* supra, 412.

There is no error.

JOHN G. BURGDORF ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SOUTH WINDSOR (5535)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 6—decision released February 10, 1988

*Ralph J. Alexander,* town attorney, with whom, on the brief, was *Richard M. Rittenband,* former town attorney, for the appellant (defendant).

---

[1] "[Practice Book] Sec. 143. —GROUNDS

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

*Ronald P. Sherlock,* with whom, on the brief, was *James W. Sherman,* for the appellees (plaintiffs).

PER CURIAM. Subsequent to the oral argument in this appeal, the plaintiffs moved to dismiss the appeal on the ground of mootness. On the basis of the briefs of the parties on the motion, and on the hearing held thereon, we conclude that the appeal is moot.

The plaintiffs' motion to dismiss is granted; the appeal is dismissed.

## JOHN G. GROPPO, COMMISSIONER OF REVENUE SERVICES *v.* BERTHA J. KRAUSE
### (5901)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

Submitted on briefs February 11—decision released February 22, 1988

*Gilbert Shasha* filed a brief for the appellant (defendant).

*Joseph I. Lieberman,* attorney general, *Albert E. Sheary,* first assistant commissioner of revenue services, and *Richard D. Nicholson,* tax attorney, filed a brief for the appellee (plaintiff).

PER CURIAM. There is no error.

JOHN H. MURPHY *v.* FOX HOLLOW
DEVELOPMENT CORPORATION
(5636)

SPALLONE, BIELUCH and O'CONNELL, Js.

Submitted on briefs February 5—decision released February 22, 1988

*Kerry M. Wisser* filed a brief for the appellee-appellant (defendant).

*Geraldine Battistoli* filed a brief for the appellant-appellee (plaintiff).

PER CURIAM. There is no error.

DORIS C. CHLEBOWSKI *v.* EDMOND M. CHLEBOWSKI
(5809)

SPALLONE, O'CONNELL and NORCOTT, Js.

Submitted on briefs February 5—decision released February 22, 1988

*Robert P. Hanahan* filed a brief for the appellant (plaintiff).

*Kevin P. Thornton* filed a brief for the appellee (defendant).

PER CURIAM. The plaintiff's claims of error implicate the factfinding function and the discretionary powers of the trial court. Our review of the record and transcripts clearly indicate that the court acted properly and in accordance with applicable law.

There is no error.

AMR A. WASFI *v.* BOARD OF VETERINARY REGISTRATION & EXAMINATION ET AL.
(5722)

SPALLONE, DALY and NORCOTT, Js.

Argued January 21—decision released February 22, 1988

*Kenneth B. Povodator,* with whom, on the brief, was *Noel R. Newman,* for the appellant (plaintiff).

*Paul J. Lahey,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellees (defendants).

PER CURIAM. The plaintiff is appealing the judgment of the trial court dismissing his administrative appeal from the decision of the defendant, Connecticut Board of Veterinary Registration and Examination.

The trial court held that it lacked subject matter jurisdiction to hear the appeal because the defendant was served outside the thirty-day time limitation mandated by General Statutes § 4-183. We agree.

This case is controlled by the holding in *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 550, 489 A.2d 368 (1985), which states that "[t]he failure to file an appeal from an administrative agency within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." See also *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979); *Minichino* v. *Freedom of Information Commission,* 6 Conn. App. 148, 149, 503 A.2d 1189 (1986).

There is no error.

R. PLACE RESTAURANT CORPORATION *v.*
REGINA COSTA
(5783)

REGINA COSTA ET AL. *v.* R. PLACE RESTAURANT
CORPORATION
(5784)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 3—decision released February 22, 1988

*John R. Williams,* for the appellants (defendant in the first case, plaintiffs in the second case).

*Raymond F. Parlato,* for the appellee (plaintiff in the first case, defendant in the second case).

PER CURIAM. Both of these appeals concern an action of summary process. At oral argument, it was revealed that the tenant is no longer in possession of the premises. Accordingly, the matters have been rendered moot. See *Yankee Sailing Co.* v. *Yankee Harbor Marina, Inc.,* 5 Conn. App. 153, 157, 497 A.2d 93 (1985).

The appeals are dismissed.

MARILYN GAMBARDELLA *v.* CITY OF NEW HAVEN
(5686)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

Argued February 10—decision released February 22, 1988

*Charles G. Albom,* with whom, on the brief, was *Patricia Cofrancesco,* corporation counsel, for the appellant (defendant).

*Arthur R. Riccio, Jr.,* for the appellee (plaintiff).

PER CURIAM. The defendant's first claim of error is that the defendant's stop sign, which was improperly located so as to be obscured from view, could not as a matter of law be a highway defect. This claim was not raised in the trial court in any way, and does not qualify for review under the plain error doctrine. The defendant's second claim of error, namely, that there was insufficient evidence of constructive notice, is without merit.

There is no error.

KAREN COTE *v.* ROBERT B. GAGNE ET AL.
(6136)

DALY, BIELUCH and FOTI, Js.

Submitted on briefs February 18—decision released February 23, 1988

*Vincent J. Trantolo,* for the appellant (plaintiff).

*Robert E. Beach, Jr.,* for the appellee (defendant).

PER CURIAM. There is no error.

## IN RE TROY M.*
## (6149)

DALY, BIELUCH and FOTI, Js.

Argued February 16—decision released February 24, 1988

*Lynn B. Cochrane,* special public defender, for the appellant (respondent).

*Bruce A. Tonkonow,* state advocate, for the appellee (state).

PER CURIAM. There is no error.

## FREDERICK J. ZIVIC *v.* KAY BROOKE
## (5658)

DALY, BIELUCH and FOTI, Js.

Argued February 16—decision released February 24, 1988

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.